**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000368
26-JUL-2019
09:55 AM**

NO. CAAP-16-0000368

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LANCE M. WATANABE,
Appellant-Appellant/Cross-Appellee,
v.
EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAI'I,
Appellee-Appellee/Cross-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-0052 GKN)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Hiraoka, JJ.)

This case arises from an Application for Disability Retirement, Hybrid Plan, filed on November 24, 2008, by Appellant-Appellant/Cross-Appellee Lance M. Watanabe requesting service-connected and ordinary disability retirement benefits ("Application").[1] Watanabe claimed that on January 25, 2005, he was injured while on duty as a carpenter for the Department of Accounting and General Service.

After various administrative proceedings, the Appellee-Appellee/Cross-Appellant Board of Trustees of the Employees' Retirement System of the State of Hawai'i ("ERS Board") issued its Proposed Decision on October 11, 2011, which proposed to deny Watanabe's Application on the merits. On November 17, 2014, the ERS Board held an "exceptions hearing" for the purpose, in part, of addressing whether Watanabe's letter dated October 25, 2011,

---

[1] Watanabe was granted ordinary disability retirement. That portion of the Application is not part of this appeal.

"constituted 'exceptions' and/or complied with the requirements of Section 6-23-19 of the Hawaii Administrative Rules ('HAR')." At the hearing, Watanabe declined to address the highlighted issue, arguing instead the merits of the issues raised by his October 25, 2011 letter. On January 14, 2015, the ERS Board issued its Final Decision, finding and concluding in relevant part that Watanabe did not file timely exceptions to the Proposed Decision and that, therefore, the Proposed Decision had become final pursuant to HAR section 6-23-19(c).

Watanabe appealed to the Circuit Court of the Third Circuit ("Circuit Court"), contending that he "didn't have to argue the timeliness issue to the [ERS B]oard, because it was obviously timely." The court determined that Watanabe failed to file timely exceptions, but proceeded to address the merits of Watanabe's disability claim and affirmed the ERS Board's Final Decision.

Watanabe appeals from the April 5, 2016 Decision and Order Affirming the Final Decision of the Board of Trustees of the Employees' Retirement System of the State of Hawaii and Dismissing Appellant Lance M. Watanabe's Appeal ("Order"), the April 5, 2016 Final Judgment, and the April 15, 2016 Notice of Entry of Judgment entered by the Circuit Court.[2] The ERS cross-appeals from the same Order, Final Judgment, and Notice of Entry of Judgment.

On appeal, Watanabe asserts that the Circuit Court erred (1) in validating the ERS hearing officer's and the ERS Board's misinterpretation of *Panado v. Board of Trustees, Employees' Retirement System*, 134 Hawai'i 1, 332 P.3d 144 (2014); (2) in validating the ERS hearing officer's and ERS Board's "unsupported exaggeration that [Watanabe's] injury was due to a preexisting injury or 'heavy' construction work performed at home, which was contrary to the 'substantial evidence'"; and (3) "in rewriting the [ERS Board]'s mixed findings of fac[t] and conclusions of law in order to deny [Watanabe] any service connected disability benefits." On cross-appeal, ERS essentially

_____

[2]    The Honorable Greg K. Nakamura presided.

alleges that the Circuit Court did not have jurisdiction to address the merits of Watanabe's Application.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we affirm, but on grounds different than those identified in the Order.

We begin by addressing ERS's cross-appeal as it asserts a jurisdictional defect, while Watanabe's appeal asserts arguments on the merits. ERS argues that the Circuit Court lacked jurisdiction because Watanabe failed to timely appeal from the ERS Board's Proposed Decision by filing exceptions to that decision. Specifically, ERS argues that the Circuit Court failed to ensure that it had jurisdiction over agency determinations addressing the merits of Watanabe's claim; that Watanabe failed to satisfy the statutory prerequisites to confer appellate jurisdiction over the merits of claim upon the Circuit Court; and that the Circuit Court erred in reviewing agency determinations addressing the merits of Watanabe's claim.

The issue of whether the circuit court lacked jurisdiction to review an agency appeal "is valid at any stage of the case, and though a lower court is found to have lacked jurisdiction, [an appellate court has] jurisdiction . . . on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction." *Bush v. Hawaiian Homes Comm'n*, 76 Hawaiʻi 128, 133, 870 P.2d 1272, 1277 (1994) (quoting *Chun v. Emps.' Retirement Sys.*, 73 Haw. 9, 14, 828 P.2d 260, 263, *reconsideration denied*, 73 Haw. 625, 829 P.2d 859 (1992)). This court is, therefore, "obliged to insure that it has jurisdiction." *Id.* (citing *Simpson v. Dep't of Land & Nat. Res.*, 8 Haw. App. 16, 20, 791 P.2d 1267, 1271 (1990)).

> A party's failure to timely request an agency review hearing not only bars the agency from considering that request, but also precludes the circuit court from considering an appeal of the administrative decision. The agency may not enlarge its powers by waiving or extending mandatory time limits. Similarly, the right to appeal from an administrative agency's decision is governed by the Hawaii Administrative Procedures Act (the "HAPA") and strict compliance with those provisions is required. The time limit for the taking of an appeal established by statute is mandatory and if not complied with, the appeal must be dismissed.

*Tanaka v. Dep't of Hawaiian Home Lands*, 106 Hawai'i 246, 249-50, 103 P.3d 406, 409-10 (App. 2004) (internal citations omitted).

The right to appeal from an administrative agency decision following a contested agency hearing is governed by Hawaii Revised Statutes ("HRS") section 91-14, which provides that "[a]ny person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review thereof under this chapter." Haw. Rev. Stat. § 91-14 (a) (2012). The finality of a proposed decision in ERS proceedings and the guidelines to filing exceptions is governed by HAR in Title 6, Chapter 23, which establishes that:

> (a) *Within fifteen days after receipt of a copy of the board's proposed decision, any party may file with the board exceptions to any part thereof and request review by the board. Each exception shall specify the portion of the record and authorities relied on to sustain each point.* Eight copies of the exceptions and request for review shall be filed with the board. In addition, a copy of the exceptions and request for review shall be served upon each of the parties who were served with a copy of the proposed decision.
>
> (b) *Any party may apply for an extension of time within which to file exceptions to the proposed decision* by filing two copies of a written application setting forth the reasons for the request. *The application shall be filed before the expiration of the period prescribed for the filing of exceptions.* Upon good cause shown, the board, or any member of the board, may extend the time for filing exceptions for an additional period not to exceed fifteen days.
>
> (c) *If no exceptions and request for review are filed within the time specified, the proposed decision shall become final,* unless the board on its own motion orders further proceedings to be held.

Haw. Admin. R. § 6-23-19 (emphasis added).

When a proposed decision becomes final, "the period for filing an appeal from an agency decision is calculated from the date of service of the final decision, not the date of its finality." *Benedict v. Employees' Ret. Sys.*, No. CAAP-16-0000480, 2018 WL 5869637, at *3 (Haw. Ct. App. Nov. 9, 2018) (citing Haw. Rev. Stat. § 91-14(b)). Accordingly, Watanabe had fifteen days from his receipt of the Proposed Decision to file or seek an extension of time to file exceptions.

Here, the ERS Board issued its Proposed Decision on October 11, 2011, adopting the hearing officer's Recommended Decision that recommended that Watanabe's Application be denied on the merits. It was received by Watanabe's counsel on

October 17, 2011. The Proposed Decision expressly stated that "[e]ither party has fifteen days after receiving a copy of the Proposed Decision to file with the [ERS] Board exceptions to the Proposed Decision. See HAR § 6-23-19. If no exceptions are filed within the fifteen-day period, the Proposed Decision shall become final." The October 12, 2011 letter enclosing the Proposed Decision additionally stated, **"If Mr. Watanabe fails to file either exceptions or an application for extension within 15 days of the receipt of the enclosed Proposed Decision, the Proposed Decision shall become Final."** (Emphasis in original.) Watanabe, therefore, had until November 1, 2011, fifteen days from October 17, 2011, to file or to obtain an extension of time to file his exceptions.

On October 26, 2011, ERS received "Petitioner's Proposed Decision" with an attached-letter stating, "This is Petitioner's Proposed Decision. The changes are underlined or lined out." The Petitioner's Proposed Decision took the hearing officer's Recommended Decision, inserted certain underlined items, and struck-through other items. It did not express that it was an appeal from the Proposed Decision;[3] identified no points of error within the Proposed Decision; and contained no argument, specification of the portion of the record, or authorities to sustain any alleged point of error in the Proposed Decision.[4]

On appeal, Watanabe fails to identify any circumstances that would justify a departure from the HAR section 6-23-19 requirements. Accordingly, Watanabe failed to file timely exceptions to the Proposed Decision. *See* Haw. Admin. R. § 6-23-19(a); *cf. Hawaii Laborers' Training Ctr. v. Agsalud*, 65 Haw. 257, 650 P.2d 574 (1982) (determining that appellant filed timely exceptions meeting the requirement that "[e]ach exception shall

_____

[3]    Watanabe only identified the recommendation of the Medical Board as the matter being appealed. In the "Introduction" to Petitioner's Proposed Decision, Watanabe states that he is "appealing to the [ERS Board] *the adverse recommendation of the Medical Board* . . . that denied [Watanabe] his application for service-connected disability retirement dated November 24, 2008." (Emphasis added.)

[4]    The bulk of Petitioner's Proposed Decision included factual additions under the Findings of Fact section.

specify the portions of the record and the authorities relied on to sustain each point" despite the very general and broad-nature of the filed-exceptions as appellant's counsel had "stated that he was unable to be specific because of the undisputed fact that he was unable to get the record transcribed within the fifteen-day period" for filing timely exceptions).

Because Watanabe failed to file or to demonstrate his inability to file timely exceptions to the Proposed Decision as per *Agsalud*, the Proposed Decision became final on November 2, 2011. *See* Haw. Admin. R. § 6-23-19(c) ("If no exceptions and request for review are filed within the time specified, the proposed decision *shall* become final[.]" (emphasis added)). Therefore, Watanabe needed to file his appeal from the "final decision" with the Circuit Court by December 2, 2011. *See* Haw. Rev. Stat. § 91-14(b) (requiring initiation of judicial review of contested cases to the circuit court "within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to rule of court"). At this point, when Watanabe failed to file a timely appeal from the then-final proposed decision, he left the Circuit Court without jurisdiction to act on the merits of his claim. *Tanaka*, 106 Hawaiʻi at 249-50, 103 P.3d at 409-10.

Notwithstanding Watanabe's failure to file timely exceptions, the ERS sent Watanabe a letter dated July 10, 2013, in which it explained that it would be calling to schedule an exceptions hearing before the ERS Board. The July 10, 2013 ERS letter warned that "there are substantial questions as to whether [Petitioner's Proposed Decision] constituted 'exceptions' and/or complied with the requirements of [HAR] Section 6-23-19," and that "the scheduling of the exceptions hearing does not preclude [the ERS Board] from determining that the documents you submitted do not constitute 'exceptions' and/or did not comply with HAR § 6-23-19." The ERS reiterated the same warning in its May 15, 2014 letter, which followed the filing by Watanabe of Petitioner's Amended Proposed Decision and/or Exceptions to the Board's Proposed Decision, and noted that the as-yet-unscheduled-hearing did not waive the issue of whether or not it was

permissible for Watanabe to have submitted his amended proposed decision and/or exceptions.

In its January 14, 2015 Final Decision, the ERS Board did not address the merits of Watanabe's case, but focused solely instead on Watanabe's failure to file timely exceptions, and on Watanabe's failure to address the issue despite being given an opportunity to do so. Watanabe filed his notice of appeal from the January 14, 2015 Final Decision to the Circuit Court on February 13, 2015.

Accordingly, although Watanabe timely appealed from the January 14, 2015 Final Decision—which addressed only the procedural matters of the case—he did not file timely exceptions to the Proposed Decision, which became final under HAR section 6-23-19(c) on November 2, 2015, and which addressed the merits of the case. It therefore follows that the Circuit Court had jurisdiction over the primary appeal, but only to the extent that it could address the Final Decision's ruling that Watanabe failed to file timely exceptions to the Proposed Decision. *See Tanaka*, 106 Hawai'i at 249, 103 P.3d at 409 ("A party's failure to timely request an agency review hearing not only bars the agency from considering that request, but also precludes the circuit court from considering an appeal of the administrative decision." (citing *Association of Apt. Owners of the Governor Cleghorn v. M.F.D., Inc.*, 60 Haw. 65, 68-70, 587 P.2d 301, 304 (1978))); *Cf. Ariyoshi v. Hawaii Pub. Emp't Relations Bd.*, 5 Haw. App. 533, 543-45, 704 P.2d 917, 926-27 (1985) (holding that complainants failed to object to denial of attorney's fees in Hawaii Public Employment Relation Board's proposed order by not filing exceptions to that order, and therefore, refusing to address the matter).

The Circuit Court therefore erred in addressing the merits of Watanabe's case, but such error was harmless in light of its decision affirming the January 14, 2015 Final Decision and its April 5, 2016 Order, which affirmed the Final Decision and dismissed Watanabe's appeal. *See Strouss v. Simmons*, 66 Haw. 32, 40, 657 P.2d 1004, 1010-11 (1982) ("An appellate court may affirm

a judgment of the lower court on any ground in the record which supports affirmance." (citing *Federal Electric Corp. v. Fasi*, 56 Haw. 57, 527 P.2d 1284 (1974))); *State v. Duncan*, 101 Hawaiʻi 269, 275, 67 P.3d 768, 774 (2003) ("[W]e have consistently held that where the decision below is correct it must be affirmed by the appellate court even though the lower tribunal gave the wrong reason for its action." (quoting *State v. Taniguchi*, 72 Haw. 235, 240, 815 P.2d 24, 26 (1991))).

Therefore, IT IS HEREBY ORDERED that the April 5, 2016 Order and the April 5, 2016 Final Judgment entered by the Circuit Court of the Third Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, July 26, 2019.

On the briefs:

Ted H.S. Hong
for Appellant-Appellant/
Cross-Appellee.

Patricia A. Ohara,
Elmira K.L. Tsang, and
Brian Aburano,
Deputy Attorneys General,
for Appellee-Appellee/Cross-
Appellant.

Presiding Judge

Associate Judge

Associate Judge